UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

YONNELL HASTON and
BERNARD MUHAMMAD,
individually and on behalf of
all others similarly situated,

      Plaintiffs,

v.

WAYNE COUNTY, a municipal
corporation, and its division,
WAYNE COUNTY SHERIFF'S
OFFICE,

      Defendants.

Case No. _____
Hon. _____

# CLASS / COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## JURY DEMAND

Plaintiffs Yonnell Haston and Bernard Muhammad, on behalf of themselves and all others similarly situated, demand a trial by jury on all claims so triable.

## PRELIMINARY STATEMENT

1. This class and collective action arises out of Defendants' systemic failure to pay sheriffs of the Wayne County Sheriff's Office the wages, overtime,

and benefits they earned, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., the Michigan Payment of Wages and Fringe Benefits Act ("MWPFA"), MCL 408.471 et seq., and applicable contracts and collective bargaining agreements.

2. Sheriffs employed by Wayne County are non-exempt, hourly employees who are entitled to be paid for all hours worked. They are entitled to straight-time wages for regular hours, overtime compensation at one-and-one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in a workweek, and premium pay as required for holidays, double shifts, and other premium circumstances under applicable policies and collective bargaining agreements. They also earn and are entitled to use accrued fringe benefits, including vacation and sick leave, which must be accurately credited and restored when improperly deducted or deleted.

3. Since approximately June 2024, when Defendants implemented the Oracle payroll system to replace PeopleSoft, payroll for sheriffs has been chaotic and riddled with errors. Sheriffs have routinely received shorted paychecks that have omitted regular wages, overtime, holiday pay, and accrued leave. Sick and vacation balances were deleted, premium pay for holidays and double-time shifts was denied, and overtime hours were systematically undercounted.

4. Defendants were repeatedly notified of these problems but have refused to correct them, instead telling employees that errors would be fixed in "the next check," which has never happened. As a result, Defendants has retained the benefit of hundreds of thousands of dollars in unpaid labor from sheriffs required to work overtime and holidays without full compensation.

5. Plaintiffs Haston and Muhammad bring this collective action for themselves and for a class and collective of more than 400 sheriffs who suffered the same wage and benefit losses. Plaintiffs seek declaratory, injunctive, and monetary relief, including unpaid wages, liquidated damages, statutory penalties, and attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the FLSA, 29 U.S.C. § 201 et seq.

7. The Court has jurisdiction pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

8. The Court also has jurisdiction pursuant to 28 U.S.C. § 1337 because this action arises under an Act of Congress regulating interstate commerce.

9. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because the state claims arise out of the same facts

and circumstances as the federal claims and form part of the same case or controversy.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in and operate within this District, and a substantial part of the events and omissions giving rise to these claims occurred here.

## PARTIES

11. Plaintiff Yonnell Haston is a Michigan resident employed by the Wayne County Sheriff's Office since 2017 as a non-exempt, hourly deputy sheriff entitled to straight-time wages for all hours worked, overtime compensation at one-and-one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in a workweek, and premium pay as required by law and applicable policies and collective bargaining agreements. He has been shorted at least 48 hours of overtime, and two full days of wages on June 15 and June 22, 2025. His sick and vacation time balances were also deleted, preventing him from properly using leave during FMLA.

12. Plaintiff Bernard Muhammad is a Michigan resident and non-exempt, hourly deputy employed by the Wayne County Sheriff's Office. He routinely works extensive overtime, often 60–80 hours per pay period, yet since June 2024 his paychecks have failed to reflect those hours, depriving him of earned wages.

4

13. Defendant Wayne County is a municipal corporation organized under Michigan law. It oversees payroll and finances for the Wayne County Sheriff's Office and is an "employer" within the meaning of the FLSA and MWPFA.

14. Defendant Wayne County Sheriff's Office is a division of Wayne County. For clarity, it is named here to reflect the employing entity, but all liability lies with Wayne County as the employer.

## GENERAL ALLEGATIONS

15. In June 2024, Defendants switched from PeopleSoft to Oracle payroll. From the first paycheck under Oracle, sheriffs across the department discovered that overtime, holiday pay, and even straight-time wages were missing.

16. Wayne County sets sheriffs' compensation through its payroll policies and collective bargaining agreements, including biweekly payment of all earned wages, accurate accounting of all hours worked, and payment of overtime premiums and holiday/premium pay when due. Defendants are also required to accurately track and restore earned fringe benefits such as vacation and sick leave. Plaintiffs and other sheriffs routinely worked more than 40 hours per week, including holidays and double shifts, but were not

compensated at one-and-one-half times their regular rate as required by the FLSA.

17. Sheriffs who worked holidays have been denied double-time pay, even when time was properly entered. Payroll staff blamed "user error," but the entries were correct.

18. Sick and vacation balances were deleted from the system for multiple sheriffs, including Plaintiff Haston. As a result, deputies were denied their accrued benefits.

19. Deputies have complained repeatedly to payroll staff, including Payroll Specialist Deadra Willingham, but are being told errors would be fixed in the "next check." The corrections have never come.

20. Supervisors and payroll staff have also failed to pay sheriffs for compensable breaks and meal periods when deputies were not fully relieved of duty. In some cases, supervisors have threatened retaliation, including withholding pay, if deputies seek compensation for missed or interrupted breaks.

21. The problems are not isolated. They affect more than 400 sheriffs across the Wayne County Sheriff's Office.

22. Defendants have knowingly retained the benefit of deputies' unpaid work, even as complaints have mounted and payroll errors persist without remedy.

## COLLECTIVE ACTION ALLEGATIONS (FLSA)

23. Plaintiffs bring Count I as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated sheriffs.

24. Plaintiffs and all sheriffs of the Wayne County Sheriff's Office who, at any time since June 1, 2024, worked more than forty (40) hours in a workweek are similarly situated in that:

    a. They have worked as sheriffs for Wayne County performing public safety and other law enforcement responsibilities;

    b. They were subject to the same pay policies and practices of Defendant;

    c. They were paid similar wage rates;

    d. They were denied overtime pay, straight-time wages, or other compensation due to Defendants' payroll practices.

    e. Defendants have refused to correct these errors once reported.

25. Defendants' unlawful practices applied uniformly across divisions and shifts. Proof of Defendants' common policy will establish liability to all members of the collective.

7

26. Plaintiffs consent in writing to bring this action. Other similarly situated employees will opt in upon notice.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring Counts II–IV as a class action under Rule 23, on behalf of: All sheriffs of the Wayne County Sheriff's Office who, since June 1, 2024, were denied wages, overtime, or fringe benefits due to Defendants' payroll practices.

28. Numerosity. The class exceeds 400 members, making joinder impracticable.

29. Commonality. Common questions include whether Defendants failed to pay earned wages, overtime, and benefits, failed to credit leave, failed to pay holiday/double-time, and unlawfully retained the benefit of deputies' labor.

30. Typicality. Plaintiffs' claims are typical of the class, as all were subjected to the same payroll system and suffered similar losses.

31. Adequacy. Plaintiffs will fairly and adequately protect the class, have no conflicts, and seek relief for all members. Counsel: Plaintiffs will be represented by Peiffer, Wolf, Carr, Kane, Conway, & Wise, a firm with substantial experience litigating employment class and collective actions, and by Carla D. Aikens, PLC, experienced in complex employment and

wage/hour cases. Together, counsel have the resources and expertise to vigorously prosecute this case.

32. Predominance. Common issues predominate because liability turns on Defendants' uniform payroll practices.

33. Superiority. A class action is superior to individual suits, ensuring efficiency and consistent results.

34. Certification is appropriate under Rule 23(b)(1), (b)(2), and (b)(3).

## COUNTS

### COUNT I – FLSA (Unpaid Wages, Minimum Wage, Overtime, Recordkeeping)

35. Plaintiffs incorporate all preceding paragraphs.

36. Plaintiffs and the collective members are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

37. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

38. Under 29 U.S.C. § 206, Defendants were required to pay Plaintiffs and collective members at least the federal minimum wage for all hours worked.

9

39. Under 29 U.S.C. § 207, Defendants were required to pay overtime at one-and-one-half times the regular rate for all hours worked over forty in a week.

40. Under 29 U.S.C. § 211(c), Defendants were required to make, keep, and preserve accurate records of wages and hours.

41. Since June 2024, Defendants failed to pay Plaintiffs and collective members for all hours worked, including straight-time wages and entire days of pay.

42. Defendants' payroll practices caused some sheriffs to be paid less than minimum wage.

43. Plaintiffs and collective members regularly worked more than forty hours, but were not paid overtime premiums.

44. Defendants failed to maintain accurate records of wages and hours as required by the Act.

45. Defendants' violations were willful within 29 U.S.C. § 255.

WHEREFORE, pursuant to 29 U.S.C. § 216(b), Plaintiffs and collective members seek judgment for:

   a. Certification of this claim as a collective action;
   b. Declaration of FLSA violations;

    c. Unpaid wages, minimum wage differentials, and overtime compensation;

    d. Equal liquidated damages;

    e. Pre- and post-judgment interest;

    f. Attorneys' fees, expenses, and costs;

    g. Such other relief as the Court deems just.

## COUNT II – Michigan Payment of Wages and Fringe Benefits Act

46. Plaintiffs incorporate all preceding paragraphs.

47. Plaintiffs and class members are "employees" within the MWPFA.

48. Defendants are "employers" within the MWPFA.

49. Under MCL 408.384a, Defendants were required to pay one-and-one-half times the regular rate for overtime.

50. Under MCL 408.472 and 408.473, Defendants were required to pay earned wages and fringe benefits when due.

51. Defendants failed to pay overtime, holiday pay, and leave, and unlawfully deleted accrued time.

52. Defendants knowingly instructed employees to "wait until the next check," but did not correct errors.

53. Plaintiffs and class members are entitled to relief under MCL 408.393.

WHEREFORE, pursuant to the MWPFA, Plaintiffs and class members seek judgment for:

    a. Certification of this claim as a Rule 23 class action;

    b. Declaration of violations of Michigan law;

    c. Unpaid wages, overtime, holiday pay, and restoration of benefits;

    d. Statutory liquidated damages;

    e. Pre- and post-judgment interest;

    f. Attorneys' fees and costs;

    g. Such other relief as the Court deems proper.

## **COUNT III – Breach of Contract**

54. Plaintiffs incorporate all preceding paragraphs.

55. Plaintiffs and class members are parties to valid contracts requiring payment of wages, overtime, and benefits.

56. Plaintiffs and class members performed their obligations.

57. Defendants materially breached by failing to pay wages, overtime, holidays, and benefits.

58. Plaintiffs and class members suffered financial losses as a direct result.

WHEREFORE, Plaintiffs and class members seek damages for all unpaid wages, lost benefits, consequential damages, costs, and attorneys' fees.

### COUNT IV – Unjust Enrichment

59. Plaintiffs incorporate all preceding paragraphs.

60. This claim is pled in the alternative to Counts II and III under Fed. R. Civ. P. 8(d)(2).

61. Plaintiffs and class members conferred a substantial benefit by performing work without full payment.

62. Defendants knowingly accepted and retained these benefits.

63. Defendants' enrichment was unjust because they shifted payroll errors to employees, denied premium pay, and retained savings from unpaid labor.

64. Equity requires restitution and disgorgement of all amounts wrongfully withheld.

WHEREFORE, Plaintiffs and class members seek:

    a. Restitution of unpaid wages and benefits;

    b. Disgorgement of amounts unjustly retained;

    c. Imposition of a constructive trust;

    d. Pre- and post-judgment interest;

    e. Injunctive relief requiring payroll corrections and restoration of leave;

    f. Further equitable relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request that this Court:

65. Certify this action as a collective action under the FLSA and a class action under Rule 23;

    1. Appoint Plaintiffs Haston and Muhammad as Class Representatives;

    2. Appoint Peiffer Wolf and Carla D. Aikens, PLC, as Class Counsel;

    3. Declare Defendants' payroll practices unlawful;

    4. Award unpaid wages, minimum wages, overtime, and benefits;

    5. Award liquidated damages under the FLSA;

    6. Award statutory penalties under Michigan law;

    7. Award damages for breach of contract;

    8. Order restitution and disgorgement;

    9. Award pre- and post-judgment interest;

    10. Award attorneys' fees and costs;

11. Enter injunctive relief requiring payroll corrections and restoration of leave;

12. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

By: _/s/ *Carla D. Aikens*_____
Carla D. Aikens (P69530)
Carla D. Aikens, PLC
615 Griswold St., Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com

*Attorneys for Plaintiffs*

By: _/s/ *Tiffany R. Ellis*_____
Tiffany R. Ellis (P81456)
Peiffer Wolf Carr Kane Conway & Wise, LLP
15 E Baltimore Ave
Detroit, MI 48202
(313) 210-1559
tellis@peifferwolf.com